UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTIS ELEVATOR COMPANY<br>Plaintiff; | )<br>)  Docket No.<br>) |
| v. | )<br>) **04 - 10966 JLT** |
| LOCAL 4, INTERNATIONAL UNION<br>OF ELEVATOR CONSTRUCTORS;<br>MICHAEL LANGER, INDIVIDUALLY,<br>and as BUSINESS MANAGER;<br>KEVIN McGETTIGAN, INDIVIDUALLY,<br>and as BUSINESS REPRESENTATIVE;<br>STEVE MORSE, INDIVIDUALLY, and<br>as BUSINESS REPRESENTATIVE;<br>and all others conspiring, acting in concert<br>or otherwise participating with them or<br>acting in their aid or behalf,<br><br>Defendants. | )<br>)<br>)  MAGISTRATE JUDGE Cohen<br>)<br>)<br>)  May 14, 2004<br>)  RECEIPT # 55910<br>)  AMOUNT $ 150<br>)  SUMMONS ISSUED 4<br>)  LOCAL RULE 4.1 _____<br>)  WAIVER FORM _____<br>)  MCF ISSUED _____<br>)  BY DPTY. CLK. _____<br>)  DATE 5-14-04 |

## VERIFIED COMPLAINT

### THE PARTIES

1.  Plaintiff, Otis Elevator Company ("Otis"), a New Jersey corporation, is engaged in the business of constructing, modernizing, repairing and servicing of elevators and escalators throughout the United States, including Massachusetts.

2.  Otis employs elevator constructor Mechanics, Helpers and Apprentices represented by the International Union of Elevator Constructors (the "IUEC") for and on behalf of its locals including Defendant IUEC Local 4 ("Local 4").

3.  This is an action to enjoin a work stoppage and other interferences with the Plaintiff's operations in violation of contract between an employer and a labor organization representing employees in an industry affecting commerce, as defined in the Labor Management


DOWNS
RACHLIN
MARTIN PLLC

Relations Act, 29 U.S.C. § 141 et seq. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 185(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 (a)(2)

5. Otis is an employer within the meaning of Section 2(2) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(2).

6. IUEC, which has a principal place of business at 7154 Columbia Gateway Drive, Columbia, MD 21044, is the exclusive collective-bargaining representative of elevator constructor Mechanics, Helpers and Apprentices, for and on behalf of its locals, including Defendant IUEC Local 4, which has a principal place of business at 645R Morrissey Blvd., Dorchester, Massachusetts 02122. Local 4 represents Mechanics, Helpers and Apprentices employed by Otis in the Boston, Massachusetts region.

7. Defendant Michael Langer is Business Manager for Local 4.

8. Defendants Kevin McGettigan and Steve Morse are Business Representatives of Local 4.

9. Local 4 is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(5).

### THE COLLECTIVE-BARGAINING AGREEMENT

10. Otis and the IUEC, for and on behalf of its locals including Local 4, have entered into a collective-bargaining agreement, which became effective July 9, 2002 and remains in full force and effect until July 8, 2007 (the "Otis Agreement"). A true and accurate copy of the Otis Agreement is attached as Exhibit A.

11. Since 1987, Otis has entered into a series of five-year collective-bargaining agreements with the International Union of Elevator Constructors ("IUEC"), "for and on behalf

of its affiliated local unions . . . ." Prior to 1987, Otis was a member of the National Elevator Industry Inc. ("NEII") a multi-employer association that negotiated a series of collective-bargaining agreements with the IUEC (the "Standard Agreements").

12. The Otis Agreement has language substantially the same as the Standard Agreements in many articles.

13. Article XIV of the Otis Agreement expressly prohibits strikes during the term of the Agreement. It provides in pertinent part:

### ARTICLE XIV
### STRIKES AND LOCKOUTS

**Par. 1.** It is agreed by both parties to this Agreement that so long as the provisions herein contained are conformed to, no strikes or lockouts shall be ordered against either party. It is understood that this Paragraph shall be applied and construed consistent with the provisions of Article IV, Par. 11 concerning Grievance and Arbitration procedure.

**Par. 2.** No strike will be called against the Company by the Union unless the strike is approved by the International Office of the International Union of Elevator constructors. Sufficient notice shall be given to the Company before a strike shall become effective. Except in the case of Contract Service Work as specified in Article IX of this Agreement, work stoppages brought about by lawful picketing or strikes by building trades local unions affiliated with Building Trades Councils shall not constitute a strike within the meaning of this Article.

**Par. 3.** In the event of a strike, work stoppage or lockout affecting Mechanics, Helpers and Apprentices on New Construction or Repair Work, men working on Contract Service shall not be affected by such strike, work stoppage or lockout, and the Union will supply competent men to the Company to do all work covered under Contract service whether such men are continuously employed in this work or not prior to the strike, work stoppage or lockout.

14. Article XV of the Otis Agreement requires that "[a]ny difference or dispute regarding the application and construction of this Agreement" shall be resolved under the

grievance/arbitration procedure set forth in the Otis Agreement, which provides for final and binding arbitration by an impartial arbitrator.

15. The Otis Agreement covers the terms and conditions of employment of elevator constructor Mechanics, Helpers and Apprentices employed by Otis in Massachusetts. Article IV of the Otis Agreement provides that all elevator and escalator construction, service, repair and modernization must be performed exclusively by elevator constructor Mechanics, Helpers and Apprentices represented by the IUEC.

16. In situations where Otis needs one or more additional qualified Mechanics but no qualified Mechanics are available, the Otis Agreement provides that an Apprentice possessing appropriate qualifications may work as a "Temporary Mechanic" ("TM"). Otis frequently exercises its right under the Otis Agreement to employ Apprentices as TMs in the Boston, Massachusetts area and elsewhere. Under Article X, par. 4 of the Otis Agreement, Local 4 is prohibited from withdrawing or failing to agree to allow Otis to employ TMs for the purpose of advancing the Union's position "with respect to a dispute unrelated to [Article X, par. 4]." Exh. A.

17. As of May 13, 2004, Otis was employing eight (8) TMs in the Boston area.

**THE UNDERLYING DISPUTE AND THE UNLAWFUL WORK STOPPAGE**

18. Otis has a contract with Corjen Construction ("Corjen") to install two elevators at Bentley College (the "Bentley job").

19. On or about May 13, 2004, Local 4 Business Representative McGettigan told Otis Construction Superintendent Cummings that elevator doors at the Bentley job were improper because they contained installation nuts or "nut-serts."

20. Article IV of the Otis Agreement describes aspects of constructing elevators and escalators that Otis may pre-assemble before components are shipped to the installation site. Article IV also describes aspects of constructing elevators and escalators that may only be performed at the installation site. The Otis Agreement further provides that "[a]ll differences or disputes concerning Article IV . . . shall be settled in accordance with the grievance procedures in Article XV." Exh. A, Art. IV, Par. 11(a).

21. The Otis Agreement's grievance and arbitration procedure applies to work jurisdiction disputes including disputes over the preassembly of elevator and escalator components. The Otis Agreement provides that:

> "While any question or dispute pertaining to Article IV or Article IV(A) is being processed the Company, where possible, shall assign the employees work other than the work in dispute. Where the work has progressed to a point where it is not possible to perform work other than the work in dispute, then the employee shall perform the disputed work pending final resolution as provided herein."

Art. IV, Par. 11.

22. An Appendix to the Otis Agreement includes a "joint industry committee" decision that "Door Closer arms, lazy arms, or relating arms" may not be fastened to elevator doors by means of pre-drilled and/or tapped holes. Exh. A, Appendix A, Par. 5.

23. Local 4 officials have told Otis officials that Appendix A, Par. 5 of the Otis Agreement is the basis for Local 4's contention that nut-serts on elevator doors at the Bentley job are improper.

24. Otis officials have repeatedly told Local 4 officials that nut-serts are not used to fasten Door Closer arms, lazy arms, or relating arms to doors at the Bentley job, and that the presence of nut-serts on doors at the Bentley job therefore does not implicate Appendix A, Par. 5.

25. By May 13, 2004, Otis' work at the Bentley job had progressed to the point where hanging elevator doors was the next step in the process of completing the final elevator.

26. On or about May 13, 2004, the Otis employee/elevator constructor Mechanic and Apprentice assigned to the Bentley job informed Otis Construction Superintendent Jim Cummings that Local 4 Business Representative McGettigan had instructed them to refuse any instructions by Otis to install doors at the Bentley job. The employees stated that they were following Local 4's directions and they refused to proceed with elevator installation at the site. Otis did not "lay off" employees, and both are still employed by Otis.

27. There is no dispute that the work of hanging elevator doors is to be performed by IUEC represented employees.

28. On or about May 13, 2004, Local 4 members employed by Otis as Temporary Mechanics ("TMs"), informed Otis Superintendent Cummings that Local 4 had "revoked" their permits to work as TMs "because Otis laid off a Mechanic" at the Bentley job.

29. TMs advised Otis that they would comply with Local 4's prohibition against them working as TMs even after Otis informed the employees it had not laid off any employees.

30. On or about May 13, 2004, Apprentices and Helpers employed by Otis in Boston began reporting that Local 4 had directed them not to work because Otis had "laid off a helper."

31. As of May 13, 2004, Otis has completed all work on the elevators at the Bentley job that can be performed prior to the work that Local 4 is directing employees to refuse to perform.

32. On the evening of May 13, 2004, Local 4 Business Representatives ordered Probationary, First and Second year Apprentices to cease working for Otis under threat of severe penalties.

33. On May 14, 2004, Probationary, First and Second year Apprentices refused to work for Otis.

34. At approximately 7:00 a.m. on May 14, 2004, Superintendent Cummings again directed employees to proceed with construction of elevators at the Bentley job. The employees refused.

35. Following the Union's refusal to permit employees to perform work as required by the Otis Agreement, Otis demanded that Local 4 cease their illegal work stoppage and file a grievance about any dispute at the Bentley job. The Union has refused to take these steps.

36. Local 4's refusal to permit employees to perform elevator construction work is an illegal work stoppage over a dispute that is subject to the Otis Agreement's grievance and arbitration provisions in violation of Articles XIV and XV of the Agreement.

37. Local 4's interference with Otis' right to employ TMs is an illegal work stoppage over a dispute that is subject to the Otis Agreement's grievance and arbitration provisions in violation of Articles X, XIV and XV of the Agreement.

38. Local 4's interference with Otis' right to employ TMs, Helpers and Apprentices is interfering with Otis' work at other job sites in the Boston area, including Boston University, where Otis has a deadline of May 26, 2004 to complete installation of an elevator; Boston Opera House where Otis is working against a June 10, 2004 deadline; Logan Airport where Otis is installing 18 elevators; at Manulife in South Boston where Otis is installing an elevator, and at installations at Conant Village, Charles River Plaza and Mitre Corp.

39. If Local 4 continues to interfere with Otis' right to employ TMs, Helpers and Apprentices at the job sites described above, Otis will be unable to fulfill its contractual obligations in a timely manner.

40.   The unlawful acts specified herein were committed by Local 4 acting through its agents and members in concert with and/or at the direction of the IUEC.

41.   Otis has demanded that Local 4 cease its illegal work stoppage and comply with the Otis Agreement, but the Union has refused.

42.   The Defendants' coercive actions are in deliberate willful and calculated violation of the Otis Agreement in disregard of the arbitration process.

43.   Upon information and belief, unless restrained by order of this Court, the concerted refusal to work by the employees represented by Defendants in violation of the Otis Agreement will continue.

## THE IRREPARABLE HARM RESULTING FROM THE UNLAWFUL WORK STOPPAGE

44.   As a result of the IUEC's and Local 4's directive, elevator construction work at the Bentley job has come to a complete standstill. Otis has been unable to proceed with construction at the Bentley job in a timely manner. Otis has completed all other work pursuant to the Construction Contract which can be performed other than the work that Local 4 is directing employees to refuse to perform.

45.   Local 4's refusal to work is jeopardizing Otis's ability to complete construction at the Bentley job on time. If the Unions are persistent with their unlawful strike, Otis will not be able to complete the construction as required by the Construction Contract.

46.   The Union's refusal to work is preventing Otis from fulfilling its contractual obligations and jeopardizing Otis's relationship with Corjen, a valued Otis customer. Otis vies with several other elevator and escalator manufacturers in an extremely competitive market for construction contracts awarded by Corjen.

47. The Union's refusal to work is also jeopardizing Otis's relationship with contractors at numerous other sites in Boston, including John Moriarty Associates ("J.M.A."), Clark Construction ("Clark"), Suffolk Construction ("Suffolk") and Beacon Skanska. The market for elevator construction is extremely competitive. Otis vies with several other elevator and escalator manufacturers in an extremely competitive market for construction contracts awarded by J.M.A., Clark, Suffolk and Beacon Skanska. Timely completion of construction contracts is often one of the most important factors in determining whether Otis is awarded subsequent contracts. If Otis is unable to complete construction of elevators at the aforementioned jobs in a timely manner, Otis's prospects of being awarded subsequent contracts will be severely jeopardized.

48. Unless the relief sought herein is granted, substantial and irreparable injury to Otis and its customers will follow. The unlawful work stoppage is preventing Otis from fulfilling its contractual obligations and threatening Otis's reputation and good will with customers.

49. Otis has no adequate remedy at law for the injuries caused and threatened by Defendants' illegal conduct.

50. Unless Defendants are enjoined from their illegal and unlawful acts, and are ordered to resume performance of work, such actions will continue to cause immediate, substantial and irreparable harm to Otis, the amount of which cannot be definitely ascertained, in that:

    a) Otis has been and will be unable to render adequate performance of its contractual obligations to construct escalators; and

b) Otis will suffer temporary and permanent loss of business as a result of damage to its good will and reputation in the industry and its commercial relationships as a result of which its ability to bid on future jobs will be impaired;

51. The effect on the Defendants, if injunctive relief is granted, is less onerous than the harm that will be suffered by Otis and its customers if the injunction is not granted.

52. Otis has complied with all obligations imposed by law that are involved in this labor dispute.

53. Otis has made every reasonable effort to settle this labor dispute.

54. No prior application for the relief herein sought by Otis or for similar relief has been made to any court or judge of the United States or of any state.

WHEREFORE, Plaintiff, Otis Elevator Company demands judgment:

I. Granting Plaintiff a temporary restraining order, and a preliminary and permanent injunction, restraining and enjoining Defendants, their officers, agents, representatives, members, employees and attorneys and all persons acting in concert or participation with them, including but not limited to the individuals named as Defendants in this Verified Complaint, from in any manner or by any means:

A) calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in any strike, work stoppage, work slowdown, sit-down or any other refusal to work or act of coercion or interference with Plaintiff's normal operations;

B) by Union discipline, penalty or otherwise, interfering with, or inducing or attempting to induce any person to interfere with any employee or agent of Plaintiff in the course of any such employee's or agent's work for Plaintiff;

C) by threats or otherwise, interfering with or attempting to induce any person to interfere with or otherwise affect the ordinary continuation of Plaintiff's operation, and from taking any action which would interfere with this Court's jurisdiction in the premises;

D) causing, inducing, conducting or carrying out any concerted activity of any kind having the effect of interfering with the Plaintiff's normal operations prior to the hearing on Plaintiff's application for a preliminary injunction;

II. Directing Defendants to take all reasonable means to communicate and effectuate the provisions of the orders issued by the Court, including but not limited to the holding of meetings with employees represented by Defendant Local 4, and the issuance forthwith of appropriate notices or other communications to the members, officers, and agents of Defendants, and all those in active concert with them; requiring the immediate return to work of all employees of Plaintiff represented for collective-bargaining purposes by Defendants; and rescinding any oral or written notices, orders, directions, or requests to employees of Plaintiff authorizing, directing, inducing or encouraging any strike, slow-down, work stoppage refusal to work or other limitation upon production;

III. Directing Defendants together with Plaintiff forthwith to arbitrate, pursuant to the collective-bargaining agreement between Plaintiff and Defendants, the present dispute; and

IV. Granting such other and further relief to which Plaintiff may be entitled, including damages, costs and disbursements of the action.

May 14, 2004

Respectfully submitted,

*[signature]*

Timothy E. Copeland Jr.
Peter B. Robb
DOWNS RACHLIN MARTIN PLLC
80 Linden Street
PO Box 9
Brattleboro, VT 05302-00009
Telephone: 802-258-3070
Fax: 802-258-2286
E-mail: tcopeland@drm.com

and

*[signature]*

Nathan L. Kaitz (BBO #256760)
Morgan, Brown & Joy, LLP
One Boston Place, 16th Floor
Boston, MA 02108
T. (617) 523-6666
F. (617) 367-3125
Email. nkaitz@morganbrown.com

STATE OF MASSACHUSETTS
COUNTY OF _____

David Powilatis hereby certifies as follows:

I am the Manager of Labor Relations for Otis Elevator Company; I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

_5-14-04_____         _____
Date                          David Powilatis

STATE OF MASSACHUSETTS
_SUFFOLK_____ COUNTY, SS.

At _Boston_, Massachusetts, this _14th_ day of May 2004, David Powilatis, personally appeared, gave oath to the truth of the foregoing, and he acknowledged this instrument, by him sealed and subscribed, to be his free act and deed.

Before me _____
          Notary Public
          Commission Expires: 02/10/07
                              7-02-10

BRT.52605.1

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Otis Elevator Company

## DEFENDANTS
Local 4, International Union of Elevator Constructors; Michael Langer; and Kevin McGettigan and Steve Morse

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Morgan, Brown & Joy, LLP
One Boston Place
Boston, MA 02108

Attorneys (If Known)

Segal, Roitman and Coleman
11 Beacon Street
Boston, MA 02108

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Interpretation of collective bargaining agreement pursuant to Labor Management Act, 29 U.S.C. Sec. 141, et seq., and temporary restraining order

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ injunction & temporary restraining order

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: May 14, 2004

SIGNATURE OF ATTORNEY OF RECORD: /s/

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Otis Elevator Co. v. Local 4, IUEC, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Nathan L. Kaitz, Morgan, Brown & Joy, LLP__
ADDRESS __One Boston Place, Boston, MA   02108__
TELEPHONE NO. __(617) 523-6666__

(Coversheetlocal.wpd - 10/17/02)