UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OTIS ELEVATOR COMPANY<br>Plaintiff, | )<br>)<br>) | Docket No. |
| v. | )<br>) | FILING FEE PAID: |
| LOCAL 4, INTERNATIONAL UNION<br>OF ELEVATOR CONSTRUCTORS;<br>MICHAEL LANGER, INDIVIDUALLY,<br>and as BUSINESS MANAGER;<br>KEVIN McGETTIGAN, INDIVIDUALLY,<br>and as BUSINESS REPRESENTATIVE;<br>and all others conspiring, acting in concert<br>or otherwise participating with them or<br>acting in their aid or behalf, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | RECEIPT #<br>AMOUNT $<br>BY DPTY CLK<br>DATE<br><br>May 14, 2004 |
| Defendants. | ) | |

## MOTION FOR ADMISSION PRO HAC VICE
## OF TIMOTHY E. COPELAND, JR.
(Local Rule 83.5.3(b))

Pursuant to Local Rule 83.5.3(b), I, Nathan L. Kaitz, a member of the bar of this Court and counsel for the plaintiff in this action, respectfully move the admission, *pro hac vice*, of Timothy E. Copeland, Jr., whose certificate is appended hereto as required by Local Rule 83.5.3(b). Grounds for this motion are as follows:

I am a partner in the law firm of Morgan Brown and Joy, LLP, One Boston Place, Boston, Massachusetts. I am a member in good standing of the bar of the Commonwealth of Massachusetts. I am co-counsel for plaintiff Otis Elevator Company in this matter.

Mr. Copeland is a member of the law firm of Downs Rachlin Martin, PLLC of Brattleboro, Vermont.

Mr. Copeland is admitted to practice in the Vermont State Bar, the New Hampshire State Bar and in the United States District Court for the District of Vermont. He is a member in good

standing and eligible to practice in each of the courts in which he has been admitted and is not currently suspended or disbarred in any jurisdiction and is not the subject of any disciplinary proceedings. *See* attached Certificate of Timothy E. Copeland.

Mr. Copeland will remain at all times associated in this case with the undersigned counsel.

Pursuant to Local Rule 83.5.3(b), this Court has discretion to admit any member in good standing of a bar of another federal court, or of the highest court of any state, to practice in this Court with respect to a particular action. Local Rule 83.5.3(b) provides as follows:

> An attorney who is a member of the bar of any United States District Court or the bar of the highest court of any state may appear and practice in this court in a particular case by leave granted in the discretion of the court, provided he files a certificate that (1) he is a member of the bar in good standing in every jurisdiction where he has been admitted to practice; (2) there are no disciplinary proceedings pending against him as a member of the bar in any jurisdiction; and (3) he is familiar with the Local Rules of the United State District Court for the District of Massachusetts; and provided, further, his application for leave to practice in this court is on motion of a member of the bar of this court, who shall also file an appearance.

Pursuant to Local Rule 83.5.3(b), Mr. Copeland is qualified to appear as counsel *pro hac vice* for the purposes of this action.

WHEREFORE, the undersigned counsel prays that this motion to admit Timothy E. Copeland, Jr. *pro hac vice* be granted.

Dated at Boston, Massachusetts this 14th day of May 2004.

MORGAN BROWN AND JOY LLP,

By: _____
Nathan L. Kaitz
B.B.O. # 252760
Morgan Brown and Joy, LLP
One Boston Place
Boston, MA 02108
Telephone: (617) 523-6666

2

## CERTIFICATE OF SERVICE

I, Nathan L. Kaitz, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by facsimile transmission and first class mail on May 14, 2004.

_____
Nathan L. Kaitz