UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTIS ELEVATOR COMPANY )<br>        Plaintiff; )<br> )<br>v. )<br> )<br>LOCAL 4, INTERNATIONAL UNION )<br>OF ELEVATOR CONSTRUCTORS; )<br>MICHAEL LANGER, INDIVIDUALLY, )<br>and as BUSINESS MANAGER; )<br>KEVIN McGETTIGAN, INDIVIDUALLY, )<br>and as BUSINESS REPRESENTATIVE; )<br>STEVE MORSE, INDIVIDUALLY, and )<br>as BUSINESS REPRESENTATIVE; )<br>and all others conspiring, acting in concert )<br>or otherwise participating with them or )<br>acting in their aid or behalf, )<br> )<br>        Defendants. ) | Docket No.<br><br>**04-10966 JLT**<br><br><br>May 14, 2004 |

### DECLARATION OF DAVID POWILATIS

David Powilatis, whose business address is One Farm Springs Road, Farmington, Connecticut 06032, swears and affirms that the following information is true and correct to the best of his knowledge and belief.

1.  I am currently employed as Manager of Labor Relations for Otis Elevator Company ("Otis"). Otis is engaged in the business of selling, installing, constructing, modernizing, maintaining and servicing elevators and escalators. Otis has its headquarters in Farmington, Connecticut and field offices throughout the United States, including Needham, Massachusetts.

2.  As Manager of Labor Relations, I am responsible for representing Otis with respect to its relationships with labor organizations that represent Otis employees, including

1

managing disputes that arise under collective-bargaining agreements. I am responsible for overseeing labor matters at locations throughout the country, including Massachusetts.

3. Since 1987, Otis has entered into a series of five-year collective-bargaining agreements with the International Union of Elevator Constructors ("IUEC"), "for and on behalf of its affiliated local unions . . . ." Prior to 1987, Otis was a member of the National Elevator Industry Inc. ("NEII") a multi-employer association that negotiated a series of collective-bargaining agreements with the IUEC (the "Standard Agreements").

4. The most recent agreement between Otis and the IUEC became effective on July 9, 2002, and will remain in full force and effect through July 8, 2007 (the "Agreement"). The Agreement covers the terms and conditions of employment of Elevator Mechanics, Helpers and Apprentices employed by Otis throughout the United States, including Massachusetts, except New York City and Vicinity which is covered by a separate agreement with IUEC Local 1.

5. Art. XIV Par. 1 of the Agreement provides as follows:

> It is agreed by both parties to this Agreement that so long as the provisions herein contained are conformed to no strikes or lockouts shall be ordered against either party. It is understood that this Paragraph shall be applied and construed consistent with the provisions of Article IV, Par. 11 concerning Grievance and Arbitration procedure.

6. IUEC Local 4 ("Local 4") represents Elevator Mechanics, Helpers and Apprentices employed by Otis in Massachusetts.

7. I am familiar with the dispute between Local 4 and Otis regarding the use of "nut-serts" on hoistway and car doors. I am also familiar with the dispute between Local 4 and Otis regarding the installation of a hydraulic elevator at Bentley College in Waltham, Massachusetts that utilizes doors with "nut-serts." I have repeatedly spoken to Eric Brodsky, General Manager of Otis' Boston-area offices, and Jim Cummings, Construction Superintendent about these

disputes and their communications with Local 4 Business Manager Michael Langer and Local 4 Business Agent Kevin McGettigan about these dispute over the last two weeks.

    8.    I have reviewed the correspondence between Otis and Local 4 concerning the dispute regarding the use of "nut-serts" on doors. Those letters include: letters dated April 21, 2004 and April 22, 2004 from Business Manager Langer to General Manager Brodsky (copies attached as Exhibit A); letter dated April 30, 2004 from General Manager Brodsky to Business Manager Langer (copy attached as Exhibit B); letter dated May 3, 2004 from Business Manager Langer to General Manager Brodsky (copy attached as Exhibit C); letter dated May 4, 2004 from me to Business Manager Langer (copy attached as Exhibit D); letter dated May 5, 2004 from Business Manager Langer to Construction Superintendent Jim Cummings (copy attached as Exhibit E); and letter dated May 10, 2004 from Construction Superintendent Cummings to Business Manager Langer (copy attached as Exhibit F).

    9.    I am also aware that on April 15, 2004, Local 4 filed a grievance alleging that Otis' use of "nut-serts" on doors violates the Agreement between the parties (a copy of Grievance No. 02-07/4-29 is attached as Exhibit G). The Written Step One grievance meeting concerning that grievance is scheduled to take place on Monday, May 17, 2004. I will be attending that meeting with other Otis representatives and to my knowledge, IUEC Regional Director Ronald Koerbel will be attending that meeting on behalf of the IUEC, along with representatives of Local 4.

    10.    I am also aware that Otis' Senior Labor Relations Manager Robert McGuinness has engaged in discussions with IUEC General President Dana Brigham and Assistant to the General President James Chapman concerning the dispute regarding the use of "nut-serts" on doors. The purpose of those discussions were to attempt to reach a resolution and/or settlement

of the dispute regarding the use of "nut-serts" on doors between Otis and the IUEC and its affiliated Local Unions, including Local 4. In fact, in his letter dated April 30, 2004 to Business Manager Langer, General Manager Brodsky informed Business Manager Langer that discussions were on-going between Otis and the IUEC in an attempt to reach a resolution and/or settlement of the dispute. (Exh. B). General Manager Brodsky explicitly offered to apply the resolution and/or settlement that was reached as a result of those discussions or the grievance that Local 4 had previously filed to any other job sites or doors in dispute. Local 4 did not accept that offer.

11. Yesterday, May 13, 2004, I twice attempted to reach IUEC Regional Director Koerbel in an attempt to resolve the dispute that was occurring on the Bentley College job site. I was unable to reach Regional Director Koerbel directly, but left two voicemail messages for him; one at his office and one on his cellular telephone. As of yet, I have not received a telephone call from IUEC Regional Director Koerbel.

12. I am aware that this morning certain of the Helpers and Apprentices employed by Otis on job sites in the Boston area have refused to report to work. Upon information and belief, Local 4 has instructed certain of Otis' Helpers and Apprentices not to report to work because of the dispute occurring at the Bentley job.

13. In an attempt to stop this work stoppage, this morning I sent a letter via facsimile to Business Manager Langer, Regional Director Koerbel and General President Brigham demanding that Local 4 cease this illegal work stoppage. (A copy of that letter is attached as Exhibit H). To my knowledge, this work stoppage is still in progress and Otis' Helpers and Apprentices who refused to report to work today have not yet returned to work.

SWORN to under the pains and penalties of perjury.

Dated: May 14, 2004

David Powilatis