May 18, 2004

**Delivery via Messenger**

Ms. Zita Lovett, Clerk
United States District Court
One Courthouse Way
Boston, MA 02210

Re:   **Otis Elevator Company v. Local 4, International Union of Elevator Constructors**
      **Docket No. 04-10966-JLT**

Dear Ms. Lovett:

We have just received Mr. Kelly's letter and form of proposed order. Otis requests that this letter be placed before Judge Stearns in connection with his consideration of the forms of proposed orders in this matter.

I feel it necessary to point out some significant omissions in Mr. Kelly's recitation of events yesterday. Mr. Kelly and I discussed the Union's proposed order, and what I submitted to the Court was first sent to Mr. Kelly for his review and comment. Local 4 apparently argues that Otis agrees and Judge Stearns found that there was an underlying contract violation, leaving only the question of whether ten minutes per hole constituted a "satisfactory settlement" within the meaning of Appendix A, ¶ 5 of the Otis/IUEC Collective-Bargaining Agreement (the "Otis Agreement"). In fact, Otis believes that the Court properly refrained from ruling on the merits of the underlying dispute, and rather simply referred to ten minutes per hole as the basis for an estimate of Local 4's potential recovery at arbitration, in the event Local 4 is successful. Indeed, the transcript of last Friday's proceeding quotes the Court as stating, "he or she, whoever is designated as the arbitrator, will define, I think, the issue and the scope of the jurisdiction." (Transcript, p. 17; attached hereto as Exhibit A). Under the parties' agreement, the arbitrator is empowered to determine any violation and create a remedy, and Otis does not believe it was the Court's intent to adjudicate any part of the underlying dispute, including the remedy, if any. Instead, Otis' impression was that it was required to make arrangements to guarantee a sufficient source of funds to pay any monetary remedy imposed on Otis in the event Local 4 is successful at arbitration.

Mr. Kelly and I discussed the escrow arrangement. At the time, his draft order did not include a dollar figure. I suggested that rather than trying to reach agreement on the number of

Ms. Zita Lovett, Clerk
May 18, 2004
Page 2

holes at issue, Otis simply post a bond of sufficient size to cover any award Local 4 may obtain at arbitration, which appeared to be in the neighborhood of $1,000, payable in the event that Otis does not pay the arbitrator's award within 30 days. Otis believes this is in keeping with the spirit of the Court's order, and following my discussion with Mr. Kelly was under the impression it was agreeable to him and Local 4.

    Mr. Kelly and I also discussed Otis' objections to paragraph 4 of the Union's proposed order. The Union's proposal regarding no-strike language falls well short of adequate. There was never any dispute that Article XIV, the no-strike clause in the Otis agreement was in full force in effect at all times relevant. What Otis sought and still needs is an order committing Local 4 to honor the no-strike clause. The language in Otis' proposed form of order is standard injunction language and tracks nearly identically with language used in a prior order issued by Judge Woodlock against Local 4, a copy of which is enclosed as Exhibit B. Otis disagrees with Local 4's characterization of Otis' proposed no-strike language as "communicat[ing] to the Otis employees that the Court has aligned itself with the Company against Local 4." Otis believes that the language in its proposed order requiring notice to Otis employees/Local 4 members is standard language designed to effectuate an injunction and tracks with the language found in Judge Woodlock's order.

    Otis does not object to a requirement that it post a bond sufficient to cover any arbitrator's award on the underlying dispute, and also sufficient to address the federal statutory requirement for provision of a bond in connection with issuance of a temporary restraining order. I was under the impression from my discussion with Mr. Kelly that we were in agreement that $10,000.00 was a sufficient amount to cover both purposes. I note that Judge Woodlock's order required a bond of $5,000.00. Otis disagrees that "fees incurred by Local 4 in defending this suit" would be an appropriate triggering event under the bond. Even though Otis believes it is only fair that Local 4 pay for the cost of the bond in the event Otis prevails at arbitration, Otis would have been agreeable to leave that issue up to the arbitrator if Mr. Kelly had expressed any concern about this issue prior to when Otis' proposed order had to be filed yesterday. Otis does not object to the Court striking that provision of Otis' proposed order.

    Finally, Otis submits that Mr. Kelly's letter's reference to a "layoff" is not supported by anything in the record in this case and should not be reflected in the Court's order. Otis submits that its proposed order, a copy of which is enclosed with this letter as Exhibit C, reflects the parameters laid out by Judge Stearns on Friday, May 14, 2004, and also addresses Local 4's concerns as articulated by Mr. Kelly to me yesterday, and set forth in his letter to the Court today.

Ms. Zita Lovett, Clerk
May 18, 2004
Page 3

      Otis respectfully requests that the Court issue an order in the form Otis proposed.

      Very truly yours,

      Timothy Copeland

TC/kmc
Enclosure

cc:    Nathan L. Kaitz, Esq.
        Paul F. Kelly, Esq. (via messenger)
        Joseph P. McConnell Esq.
        David P. Powilatis (via facsimile and U.S. Mail)