# SEGAL, ROITMAN & COLEMAN

COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
JACQUELINE M. NUNEZ

ROBERT M. SEGAL (1915-1999)

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
JOANNE F. GOLDSTEIN
JOSEPH P. McKENNA, JR.
PAUL S. HOROVITZ

* Also Admitted to the
  New Hampshire Bar

** Also Admitted to
   the California Bar

May 19, 2004

**HAND DELIVERED**

Zita Lovett, Clerk
United States District Court
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   **Otis Elevator Company v. Local 4, IUEC**
      **Docket No. 04-10966-JLT**

Dear Ms. Lovett:

    I write to inform the court of a significant misunderstanding. My client, Local 4, has instructed its members to install doors at jobsites other than Bentley College on the understanding that the "ten minutes per hole" formula had been accepted by the court as a "satisfactory settlement" within the meaning of Appendix A, par. 5. Accordingly doors have been installed by Local 4 Elevator Constructors on various jobsites yesterday and today in the good faith understanding that a resolution had been reached which permitted them to do so under the collective bargaining agreement.

    I disagree with Mr. Copeland's representation that an arbitrator is empowered to determine what a "satisfactory settlement" consists of. The parties agreed that they would do that (i.e., arrive at a "satisfactory settlement") or the doors would not be installed. Otis has, in the past, paid "ten minutes per hole". It now asks to be relieved of that obligation in favor of some lesser number of minutes per hole, if I correctly understand Mr. Copeland. Otis came into court asking for extraordinary relief in a

dispute of its own making. Judge Stearns found it fitting and just to premise an order against Local 4 on Otis' payment of "ten minutes per hole".

Local 4, having relied on that resolution, should not now be subject to an order that leaves the "satisfactory settlement" up to an arbitrator.

Very truly yours,

Paul F. Kelly

PFK/jas
Cc: Mary Johnson, Dep. Clerk
Michael Langer, Bus. Agent
Timothy Copeland, Esq.
Nathan Kaitz, Esq.

PFK/3002/01845/Clerk2.doc