UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED CLERKS OFFICE
2004 MAY 21 P 1:09
U.S. DISTRICT COURT
DISTRICT OF MASS.

OTIS ELEVATOR COMPANY
Plaintiff;

v.

LOCAL 4, INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS; MICHAEL LANGER, INDIVIDUALLY, and as BUSINESS MANAGER; KEVIN McGETTIGAN, INDIVIDUALLY, and as BUSINESS REPRESENTATIVE; STEVE MORSE, INDIVIDUALLY, and as BUSINESS REPRESENTATIVE; and all others conspiring, acting in concert or otherwise participating with them or acting in their aid or behalf,

Defendants.

**Bond No.** 015018073

Docket No. 1:04-cv-10966-JLT

**INJUNCTION BOND**

Liberty Mutual Insurance Company ("Liberty"), as surety for Otis Elevator Company, is held and firmly bound unto Defendants in the above-captioned cause in the sum of Ten Thousand Dollars ($10,000), for the payment of which Liberty binds itself, its successors and assigns, jointly and severally, upon the following conditions. Plaintiff has petitioned the Court for a preliminary injunction restraining the performance of certain acts, which the Court has granted.

NOW, THEREFORE, if Plaintiff shall pay or cause to be paid to Defendants all costs or damages which may accrue by reason of a preliminary injunction, should this Court or a reviewing Court find that Defendants were wrongfully enjoined or restrained, then this obligation is void; otherwise the Bond shall be in full force and effect and provide a source of

recovery of costs and damages as may be incurred or suffered by Defendants if they are found to have been wrongfully enjoined or restrained.

Signed, sealed and dated May 19, 2004.

LIBERTY MUTUAL INSURANCE COMPANY

BY: Betty Calderon

Betty Calderon, Attorney-In-Fact

## NOTICE FROM SURETY REQUIRED BY TERRORISM RISK INSURANCE ACT OF 2002

In accordance with the Terrorism Risk Insurance Act of 2002 (referred to hereinafter as the "Act"), this disclosure notice is provided for surety bonds on which one or more of the following companies is the issuing surety: Liberty Mutual Insurance Company; Liberty Mutual Fire Insurance Company; LM Insurance Corporation; The First Liberty Insurance Corporation; Liberty Insurance Corporation; Employers Insurance Company of Wausau (formerly "EMPLOYERS INSURANCE OF WAUSAU A Mutual Company"); Peerless Insurance Company; and any other company that is a part of or added to the Liberty Mutual Group for which surety business is underwritten by Liberty Bond Services (referred to collectively hereinafter as the "Issuing Sureties").

### NOTICE FORMS PART OF BOND

This notice forms part of surety bonds issued by any one or more of the Issuing Sureties.

### DISCLOSURE OF PREMIUM

The premium attributable to any bond coverage for "acts of terrorism" as defined in Section 102(1) of the Act is Zero Dollars ($0.00).

### DISCLOSURE OF FEDERAL PARTICIPATION IN PAYMENT OF TERRORISM LOSSES

The United States will reimburse the Issuing Sureties for ninety percent (90%) of any covered losses from terrorist acts certified under the Act exceeding the applicable surety deductible.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10966-JLT

OTIS ELEVATOR COMPANY

v.

LOCAL 4, INTERNATIONAL UNION
OF ELEVATOR CONSTRUCTORS; MICHAEL LANGER,
INDIVIDUALLY, and as BUSINESS MANAGER;
KEVIN MCGETTIGAN, INDIVIDUALLY,
and as BUSINESS REPRESENTATIVE;
STEVE MORSE, INDIVIDUALLY, and as
BUSINESS REPRESENTATIVE; and all
others conspiring, acting in concert or
otherwise participating with them or acting in
their aid or behalf

ORDER TO ARBITRATE AND
RESTRAINING ORDER

May 19, 2004

STEARNS, D.J.

After a hearing on Plaintiff Otis Elevator Company's (Otis) Verified Complaint and Motion for Temporary Restraining Order, the Court ORDERS as follows:

1.   Otis and Defendant Local 4, International Union of Elevator Constructors (Union) will arbitrate their dispute over whether the elevator car and hoistway doors at the Bentley College jobsite that gave rise to this dispute fall within Appendix A, Paragraph 5, of the collective bargaining agreement between Otis and the International Union of Elevator Constructors.

2.   Otis shall post a bond in the amount of $10,000, conditioned as required by law, no later than May 21, 2004.

3.   Otis shall pay into a court-held escrow account $1,000, said sum to be applied

to any award made by the arbitrator on behalf of the Union, or shall be returned to Otis should the arbitrator rule in Otis's favor.

4. Pending resolution of all issues deemed by the arbitrator to be related to the dispute over the installation of the elevator car doors, including any issues that involve claims for back pay, and in the exercise of such jurisdiction as is deemed by the arbitrator to be conferred by the collective bargaining agreement, Local 4 of the Union, its officers, agents, representatives, and members are, consistent with the provisions of Article XIV of the collective bargaining agreement, enjoyed and restrained from calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in any strike, concerted work stoppage, concerted work slow down, sit-down or refusal to work, or any other act of coercion or interference with Otis's normal operations. The officers and agents of Local 4 of the Union are charged with notice of this Order.

SO ORDERED.

Richard G. Stearns

UNITED STATES DISTRICT JUDGE

Date: 5-19-04.

Time: 9:48 AM

# ASSETS

| | Current Year | | | Prior Year |
|---|---|---|---|---|
| | 1<br>Assets | 2<br>Nonadmitted Assets | 3<br>Net Admitted Assets (Cols. 1 - 2) | 4<br>Net Admitted Assets |
| 1. Bonds | [illegible] | | [illegible] | [illegible] |
| 2. Stocks: | | | | |
| 2.1 Preferred stocks (Schedule D, Part 2, Section 1) | [illegible] | | [illegible] | [illegible] |
| 2.2 Common stocks (Schedule D, Part 2, Section 2) | [illegible] | [illegible] | [illegible] | [illegible] |
| 3. Mortgage loans on real estate (Schedule B): | | | | |
| 3.1 First liens | | | | |
| 3.2 Other than first liens | | | | |
| 4. Real estate (Schedule A): | | | | |
| 4.1 Properties occupied by the company (less $ ..... encumbrances) | [illegible] | | [illegible] | [illegible] |
| 4.2 Properties held for the production of income (less $ ..... encumbrances) | [illegible] | | [illegible] | [illegible] |
| 4.3 Properties held for sale (less $ ..... encumbrances) | [illegible] | | [illegible] | [illegible] |
| 5. Cash ($ [illegible], Schedule E, Part 1) and short-term investments ($ [illegible], Schedule DA, Part 2) | [illegible] | | [illegible] | [illegible] |
| 6. Other invested assets (Schedule BA) | [illegible] | | [illegible] | [illegible] |
| 7. Receivable for securities | [illegible] | | [illegible] | [illegible] |
| 8. Aggregate write-ins for invested assets | [illegible] | | [illegible] | [illegible] |
| 9. Subtotals, cash and invested assets (Lines 1 to 8) | [illegible] | [illegible] | [illegible] | [illegible] |
| 10. Agents' balances or uncollected premiums: | | | | |
| 10.1 Premiums and agents' balances in course of collection | [illegible] | [illegible] | [illegible] | [illegible] |
| 10.2 Premiums, agents' balances and installments booked but deferred and not yet due (including $ ..... earned but unbilled premiums) | [illegible] | | [illegible] | [illegible] |
| 10.3 Accrued retrospective premiums | [illegible] | [illegible] | [illegible] | [illegible] |
| 11. [illegible] | [illegible] | | [illegible] | [illegible] |
| 12. [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 13. [illegible] | [illegible] | | [illegible] | [illegible] |
| 14. [illegible] | [illegible] | | [illegible] | [illegible] |
| 15. [illegible] | [illegible] | | [illegible] | [illegible] |
| 16. [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 17. [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 18. [illegible] | [illegible] | | [illegible] | [illegible] |
| 19. [illegible] | [illegible] | | [illegible] | [illegible] |
| 20. [illegible] | [illegible] | | [illegible] | [illegible] |
| 21. [illegible] | [illegible] | | [illegible] | [illegible] |
| 22. [illegible] | [illegible] | | [illegible] | [illegible] |
| 23. [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 24. [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 25. [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 26. [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

| DETAILS OF WRITE-INS | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| 0801. | | | | |
| 0802. | | | | |
| 0803. | | | | |
| 0898. Summary of remaining write-ins for Line 8 from overflow page | | | | |
| 0899. Totals (Lines 0801 through 0803 + 0898) (Line 8 above) | | | | |
| 2301. [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 2302. [illegible] | [illegible] | | [illegible] | [illegible] |
| 2303. | | | | |
| 2398. Summary of remaining write-ins for Line 23 from overflow page | | | | |
| 2399. Totals (Lines 2301 through 2303 + 2398) (Line 23 above) | [illegible] | [illegible] | [illegible] | [illegible] |