UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OTIS ELEVATOR COMPANY              )
    Plaintiff;                          )                Civil Action No.
                                         )                04-10966(NMG)
v.                                  )
                                         )
LOCAL 4, INTERNATIONAL UNION        )
OF ELEVATOR CONSTRUCTORS;           )
MICHAEL LANGER, INDIVIDUALLY,       )
and as BUSINESS MANAGER;            )
KEVIN McGETTIGAN, INDIVIDUALLY,     )
and as BUSINESS REPRESENTATIVE;     )
and all others conspiring, acting in concert )
or otherwise participating with them or )
acting in their aid or behalf,      )
                                         )
    Defendants.                         )

**STATUS REPORT**

Otis Elevator Company submits this Status Report pursuant to the Court's April 15, 2005

Order that the parties report regarding "progress and or outcome of arbitration."  This initially

came before the Court pursuant to Otis Elevator Company's Motion for Temporary Restraining

Order following a work stoppage arising out of a dispute involving the use of so-called

"nutserts" to attach elevator components.  Judge Stearns' May 19, 2004 Order to Arbitrate and

Restraining Order enjoined the Union from striking "or any other act of coercion or interference

with Otis's normal operations" and directed the parties to arbitrate the nutserts dispute.

Subsequently, Otis and the International Union of Elevator Constructors ("IUEC")

reached a nationwide settlement of the dispute involving factory-installation of nutserts in

elevator doors, including the doors in dispute that gave rise to the work stoppage enjoined by

Judge Stearns.  That settlement provided, *inter alia,* that the Company could continue to use so-called "nutserts," provided that the work of installing such components was performed by IUEC field employees.  The settlement further provided that Otis could continue to cut the holes needed for installation of such components in the factory.

At the time of the settlement, Otis told the IUEC that it believed it could finalize a new installation process, test new field tooling, secure the tooling and deploy it to the field by early 2005.  In early July 2005, the IUEC communicated to Otis that some elevator doors were still arriving at job sites with factory-installed nutserts.  Otis investigated and determined that, in fact, some elevator doors had been shipped with factory-installed nutserts after the date Otis originally anticipated completing its change-over, but that effective June 30, 2005, all door panels were being shipped as provided by the settlement.  Otis communicated this information to the Union and proposed that the parties confer regarding a settlement for any delay in completing implementation of the settlement.  A copy of Otis Director of Labor Relations Henry Bechard's letter to IUEC General President Dana Brigham is attached.

In short, Otis believes that the underlying dispute that gave rise to the work stoppage in the above-referenced matter is closer to being fully resolved.  Otis is currently awaiting

confirmation from the IUEC and hopes that this matter can be put to rest shortly.

Dated: August 3, 2005                         Respectfully submitted,

                                              Otis Elevator Company,

                                              By its Attorneys,


                                              By: ___/s/ Nathan L. Kaitz_____
                                                     Nathan L. Kaitz (BBO #256760)
                                                     Morgan, Brown & Joy, LLP
                                                     200 State Street, 11th Floor
                                                     Boston, MA  02109
                                                     (617) 523-6666


                                                     Timothy E. Copeland
                                                     Downs, Rachlin Martin PLLC
                                                     80 Linden Street
                                                     PO Box 9
                                                     Brattleboro, VT  05302
                                                     T: (802) 258-3070

### Certificate of Service

I, Nathan L. Kaitz, hereby certify that I have on this 3rd day of August, 2005, served the within pleading, by first class mail, postage prepaid upon:  Paul Kelly, Esquire, Segal Roitman & Coleman, 11 Beacon Street, Boston, MA  02108.


                                              ____/s/ Nathan L. Kaitz_____
                                                     Nathan L. Kaitz